UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(6)(JRT/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(6) CALVIN (NMN) BEASLEY,

    Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Calvin Beasley. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 24 months of imprisonment followed by a term of supervised release.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) The defendant was charged in the conspiracy count of the Indictment (Count 1). The defendant was arrested on May 27, 2015, and released on

an unsecured bond and conditions of release on May 28, 2015. Subsequently, the defendant pled guilty to Count 1 on October 11, 2016.

I. Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley. According to information provided by community members and through investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation. Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation. Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement learned that the conspiracy extended not only to the Red Lake Indian Reservation, but also to the White Earth Indian Reservation and other Native American communities in North Dakota. During the course of the investigation, law enforcement identified the defendant as co-conspirator involved in the Beasley Drug Trafficking Organization ("DTO") through an arrest in North Dakota in November 2014 and through interception of wire communications in March and April 2015. The defendant, who is Beasley's uncle, became involved in the DTO in approximately April 2014 to assist in transporting and distribution heroin and

2

pharmaceutical pills to Native American communities in the Districts of Minnesota and North Dakota. Further, the defendant accepted large amounts of cash through wire transfers from co-conspirators in Minnesota while in Michigan. The defendant held large amounts of drug proceeds for Beasley. In November 2014, the defendant traveled to the Spirit Lake Indian Reservation in the District of North Dakota, and met up with several other co-conspirators. While in North Dakota, the defendant and several charged and uncharged co-conspirators possessed with intent to distribute and distributed pharmaceutical pills. Further, in March 2015, the defendant transported numerous pharmaceutical pills from Michigan to Minnesota for the Beasley DTO. This transport was documented in intercepted telephone calls between the defendant and Beasley.

During the course of his Change of Plea Hearing on October 11, 2016, the defendant admitted that he possessed with intent to distribute at least 35 grams of heroin on the Red Lake and White Earth Indian Reservations and possessed with intent to distribute and distributed 218 oxycodone pills and 245 hydromorphone pills on the Spirit Lake Indian Reservation. Finally, the defendant agreed that he transported from Michigan and Tennessee Vicodin, oxycodone, Percocet, methadone, and Dilaudid from distribution in the District of Minnesota.

II. Prior Criminal History and Pre-Sentence Release

As outlined in the Presentence Report prepared in this matter, the defendant has no criminal history other than that associated with his activities with the Beasley DTO. Based on the defendant's prior convictions, the defendant has a Criminal History Category of I.

The defendant was released pending trial in this matter on May 28, 2015. Based on information contained within the PSR, the defendant has maintained compliance with all his conditions for more than two years.

### SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to Distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone. The PSR correctly determined that the adjusted offense level for conspiracy to distribute 35 grams of heroin and other pharmaceutical pills is 22. (PSR ¶ 125.) The government anticipates that by the time of sentencing on June 29, 2017, the defendant will have complied with the requirements of U.S.S.G. § 5C1.2 ("safety valve"), so the defendant will be entitled to a two level reduction. (PSR ¶ 128.) Further, the PSR correctly notes that the defendant is entitled to a three-level reduction for acceptance of responsibility. (PSR ¶¶ 134-135.)

The government notes one objection to the application of specific offense characteristics and adjustments. In the PSR, the Probation Office assessed a two-level enhancement for obstruction of justice. (PSR ¶ 131.) As previously noted in its objections to the preliminary PSR, the government did not contemplate this adjustment at the time of the plea. Therefore, the government is bound by the stipulations contained with the plea agreement. Without reaching the merits of the application, the government respectfully requests that the Court not apply the adjustment. Therefore, the government proposes that

the defendant's total offense level at the time of sentencing should be 17.  Finally, the PSR correctly concluded that the defendant's criminal history category is I.  (PSR ¶ 142.)

Thus, based on the Probation Office's guidelines calculations, consideration of the government's objection, and compliance with a safety-valve proffer, the defendant's Guidelines range for Conspiracy to Distribute heroin and other controlled substances should be 24 to 30 months of imprisonment.  For the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 24 months of imprisonment followed by a term of supervised release.

## **SECTION 3553(a) SENTENCING FACTORS**

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a).  In this case, considering all of the sentencing factors, the government respectfully submits that a 24-month term of imprisonment is appropriate for the defendant.

Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.   Nature and Circumstances of the Offense

Here, the defendant has fully accepted responsibility for his conduct. *See* PSR ¶ 122. In exchange for money, parties, and entertainment, the defendant agreed to transport pharmaceutical pills from Michigan and assist in the distribution of heroin on the Red Lake and White Earth Indian Reservations. Further, the defendant possessed with intent to distribute and did distribute oxycodone and hydromorphone pills on the Spirit Lake Indian Reservation in the District of North Dakota as part of the Beasley DTO. Finally, the defendant became a "money man" of sorts for his nephew. The defendant stored vast amounts of cash and received a significant amount of cash through wire transfers.

Neither Minnesota nor North Dakota are home to the defendant. Rather, the defendant voluntarily agreed to transport and distribute pharmaceutical pills and heroin for the Beasley DTO in exchange for parties and money. The defendant's actions affected innumerable individuals in Minnesota and North Dakota. With the no knowledge of the communities he was in, the defendant had no concern about his role in poisoning Native American communities in Minnesota and North Dakota.

The defendant contributed to a significant epidemic of substance abuse, specifically heroin and opioid abuse in Indian Country. Thus, based upon the nature and circumstances of the offense, a sentence of 24 months of imprisonment is a fair and just sentence.

II.  History and Characteristics of the Defendant

By the defendant's own report, the defendant has led a relatively uneventful life. The defendant had, and continues to have, the support of family members. The defendant has led a remarkably crime-free life. The defendant has had significant medical issues since an attack by a family member in 2003.

Based on the defendant's lack of criminal history and persistent medical condition, mitigation may seem appropriate. However, when the defendant's role is compared with other co-conspirators and examined in light of the whole life of the conspiracy, a sentence of 24 months of imprisonment followed by supervised release is fair and just.

III.  A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Here, a sentence of 24 months of imprisonment balances all these societal and personal factors.

The government notes that the defendant previously pled guilty to a related offense in Benson County District Court in North Dakota. That case comprised part of the federal case before the Court. However, the defendant's role in the Beasley DTO was more significant than the actions on the Spirit Lake Indian Reservation. The defendant

admittedly assisted in the transportation and distribution of heroin and pharmaceutical pills on the Red Lake and White Earth Indian Reservations. Further, the defendant became a "money man" for his nephew in Detroit. The defendant did so for family, for money, and for entertainment. A sentence of 24 months of imprisonment recognizes the related conviction in North Dakota, but provides accountability for the defendant's other actions within the Beasley DTO.

Here, the defendant enabled and contributed to the epidemic of heroin and opioid substance abuse in Native American communities in the District of Minnesota and District of North Dakota. There is no secret about the chemical dependency struggles in Native American communities throughout the United States. There is no secret about the outside influences that bring drugs to the reservation and impact individual community members and the community as a whole. This defendant assisted in distributing heroin to a state and community that were not his own. Further, the defendant actively agreed to possess and distribute pharmaceutical pills for the Beasley DTO. Finally, the defendant assisted in the money side of the conspiracy. To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for his actions. Further, there must be an adequate sentence in hopes of deterring others from becoming outside influences that bring drugs and negative outside influences to infect an entire community, whether that community is their community or not.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 24 months of imprisonment is a sufficient, but not greater than necessary, sentence.

# **CONCLUSION**

The government respectfully requests that the Court impose a sentence of 24 months of imprisonment followed by a term of supervised release. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: June 28, 2017

Respectfully Submitted,

GREGORY G. BROOKER
Acting United States Attorney

*s/Deidre Y. Aanstad*

BY: DEIDRE Y. AANSTAD
Assistant U.S. Attorney
Attorney ID No. 0331788